# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADRIENNE ELEANOR BROWN | CIVIL ACTION |
| VERSUS | NO: 19-10674 |
| JESSE GEORGE, ET AL | SECTION: T (5) |

## ORDER

Before the Court is a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief May Be Granted[1] filed by defendant Jo-Muriel Ojo (incorrectly named as Omirial Ojo) ("Ojo"), an employee for the Louisiana Department of Children and Family Services ("DCFS") and a Rule(b)(5) Motion, Rule 12(b)(6) and In the Alternative, Rule 12(e) Motion for a More Definite Statement[2] filed by Jesse George ("George"). Adrienne Eleanor Brown ("Plaintiff") filed an opposition to Ojo's motion to dismiss.[3] For the following reasons, the motions to dismiss[4] are **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiff's claims under 42 U.S.C. § 1983 against Ojo, George, Emily Gibson, Roger Brown Sr., and Taylor Allen.[5] In Plaintiff's *pro se* complaint, Plaintiff complains of an arrest that allegedly occurred on or about August 28, 2018, which resulted in the State of Louisiana taking custody of her children.[6] In Plaintiff's amended complaint, Plaintiff

---

[1] R. Doc. 15.
[2] R. Doc. 27.
[3] R. Doc. 18.
[4] R. Docs. 15 and 27.
[5] R. Doc. 1; R. Doc. 25.
[6] R. Doc. 6, p.6.

1

makes allegations of slander and adds Donald Duncan Jr., Officer William Boersma, Officer Bordelon, and Kenneth Vernell Mackie as defendants.[7]

On September 6, 2019, Ojo filed a motion to dismiss contending the Court lacks subject matter jurisdiction and the Plaintiff's complaint fails to state a claim upon which relief can be granted.[8] On November 27, 2019, George filed a motion to dismiss also contending Plaintiff's complaint fails to state a claim upon which relief can be granted.[9]

## LAW AND ANALYSIS

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[10] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[11] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] In evaluating a complaint under Rule 12(b)(6), the court should confine itself to the pleadings,[13] and the documents attached to the complaint.[14]

The Court agrees that Plaintiff's complaint fails to state a claim upon which relief can be granted against Ojo and George. The complaint asserts a §1983 claim against defendants for:

> denying of enforcement of rights, intention to confer individual rights (implied), unauthorized release of educational records, unmistakable focus of state in question, failed to set fourth to judge the reasonableness of states compliance to the law, private right of action, any binding obligations, intentional coheres the law to benefit plaintiffs, no reasonable efforts to avoid removal of children [sic].[15]

---

[7] R. Doc. 25.
[8] R. Doc. 15.
[9] R. Doc. 27.
[10] Fed. R. Civ. P. 12(b)(6).
[11] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[13] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[14] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[15] R. Doc. 1, p.4.

Plaintiff's only factual allegation related to Ojo is that "Ojo case worker continues to make accusations of me being non compliant when she in fact refuses to give me my case plan, or let the kid return home safely [sic]."[16] Plaintiff makes no factual allegation against George other than naming George in the caption of the amended complaint.[17] On the complaint as written, Plaintiff has failed to state a claim on which relief may be granted against either Ojo or George.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief May Be Granted[18] filed by defendant Jo-Muriel Ojo (incorrectly named as Omirial Ojo) is **GRANTED. IT IS FURTHER ORDERED** that the Rule(b)(5) Motion, Rule 12(b)(6) and In the Alternative, Rule 12(e) Motion for a More Definite Statement[19] filed by Jesse George is **GRANTED.** Plaintiff's claims against Jo-Muriel Ojo and Jesse George are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana**, on this  4th   day of February, 2020.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. 1, p.5.
[17] R. Doc. 25.
[18] R. Doc. 15.
[19] R. Doc. 27.